JUDGE PAULEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

HSAINGTAK TONG,

                        Plaintiff,

         -against-

THE CITY OF NEW YORK, POLICE OFFICER
PACHECO, POLICE OFFICER MARINO, POLICE
SERGEANT JOHN/JANE DOE # 3, POLICE OFFICERS
JOHN/JANE DOE # 4 – 10.

                        Defendant.
------------------------------------------------------------------x

12 CV 9293

COMPLAINT

JURY TRIAL DEMANDED

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Hsaingtak Tong ("Plaintiff" or "Mr. Tong"), an African-American male, is a resident of the County of Bronx, City of New York.

7. Defendant The City of New York is a municipal organization organized under the laws of the State of New York.

8. Defendant The City of New York operates the New York City Police Department ("NYPD"), a department or agency of defendant The City of New York.

9. The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. At all times relevant herein, Defendant Police Officer Pacheco ("Pacheco") was an officer, employee, and agent of Defendant The City of New York.

11. At all times relevant herein, Defendant Pacheco was acting within the scope of his employment with Defendant The City of New York.

12. At all times relevant herein, Defendant Pacheco was acting under color of state law.

13. Defendant Pacheco is sued in his individual and official capacities.

14. Defendant Pacheco's first name is unknown at this time.

15. At all times relevant herein, Defendant Police Officer Marino ("Marino") was an officer, employee, and agent of Defendant The City of New York.

16. At all times relevant herein, Defendant Marino was acting within the scope of his employment with Defendant The City of New York.

17. At all times relevant herein, Defendant Marino was acting under color of state law.

18. Defendant Marino is sued in his individual and official capacities.

19. Defendant Marino's first name is unknown at this time.

20. At all times relevant herein, Defendant Police Sergeant John/Jane Doe # 3 was a supervisor, officer, agent, and employee of Defendant The City of New York.

21. At all times relevant herein, Defendant Police Sergeant John/Jane Doe # 3 was acting within the scope of his employment with Defendant The City of New York.

22. At all times relevant herein, Defendant Police Sergeant John/Jane Doe # 3 was acting under color of state law.

23. Defendant Police Sergeant John/Jane Doe # 3 is sued in his/her individual and official capacities.

24. At all times relevant herein, Defendants Police Officers John/Jane Doe # 4 – 10 were officers, agents, and employees of Defendant The City of New York.

25. At all times relevant herein, Defendants Police Officers John/Jane Doe # 4 – 10 were acting within the scope of their employment with Defendant The City of New York.

26. At all times relevant herein, Defendants Police Officers John/Jane Doe # 4 – 10 were acting under color of state law.

27. Defendants Police Officers John/Jane Doe # 4 – 10 are sued in their individual and official capacities.

## STATEMENT OF FACTS

28. At approximately 12:30 a.m. on February 13, 201, Mr. Tong was lawfully present outsied the Ambar Room, located at 3795 10th Avenue, New York, New York.

29. Police were present at the location, and a crowd had formed near the Amber Room.

30. Police directed the crowd to move away from the Ambar Room.

31. As Mr. Tong walked away from the Ambar Room, Defendant Pacheco slammed into him from behind and forced him onto a vehicle.

32. Mr. Tong attempted to turn around to see who it was that had done this to him, Defendant Pacheco punched Mr. Tong once in the face.

33. Defendant Pacheco placed handcuffs on Mr. Tong.

34. Mr. Tong had done nothing that would have given Defendant Pacheco probable cause to arrest him.

35. Mr. Tong had done nothing that would have given Defendant Pacheco the right to use any level of force against Mr. Tong.

36. Mr. Tong attempted to turn around again to find out why this was happening to him, and Defendant Pacheco punched Mr. Tong a second time, splitting open the skin above Mr. Tong's right eye and damaging Mr. Tong's right eye.

37. Mr. Tong had done nothing that would have given Defendant Pacheco the right to use any level of force against Mr. Tong.

38. Defendant Pacheco pushed Mr. Tong off the car and onto the ground.

39. Mr. Tong was transported from the Ambar Room to New York Presbyterian Hospital.

40. During the ride, Defendant Pacheco laughed at Mr. Tong.

41. At New York Presbyterian, Mr. Tong received stitches to the skin above his right eye.

42. Thereafter, Defendant Pacheco transported Mr. Tong to the 34th Precinct.

43. Several hours later, Mr. Tong was transported to Manhattan Central Booking ("MCB").

44. MCB would not allow Mr. Tong in because of errors in his paperwork.

45. Mr. Tong was transported back to the 34th Precinct.

46. Mr. Tong was handcuffed to a pole next to the Sergeant's desk at the 34th Precinct.

47. Several hours later, Mr. Tong was again transported to MCB.

48. At some point after arriving at MCB, Mr. Tong was arraigned.

49. Mr Tong was prosecuted until the charges were dismissed against him in his favor.

50. After being released from custody, Mr. Tong was treated for injuries to his right eye and found to have permanent damage to his right eye.

51. As a result of these injuries, Mr. Tong has permanent blurriness in his right eye.

### FIRST CAUSE OF ACTION
*42 U.S.C. § 1983*

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. Defendants, by their conduct toward plaintiff as alleged herein, violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

54. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### SECOND CAUSE OF ACTION
*Unlawful Stop and Search*

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

57. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### THIRD CAUSE OF ACTION
*False Arrest*

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

60. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### FOURTH CAUSE OF ACTION
*Excessive Force*

61. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62. Defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Plaintiff.

63. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## FIFTH CAUSE OF ACTION
### *Denial of Substantive Due Process*

64. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65. The individual defendants created false evidence against Plaintiff.

66. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's Office.

67. In creating false evidence against Plaintiff, and in forwarding false evidence to prosecutors, the individual defendants violated Plaintiff's right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States.

68. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein alleged.

## SIXTH CAUSE OF ACTION
### *Malicious Abuse of Process*

69. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. The individual defendants issued legal process to place Plaintiff under arrest.

71. The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their unlawful stop, search, and assault of him.

72. The individual defendants pursued these collateral objectives after issuance of legal process by, *inter alia*, forwarding false evidence to the New York County District Attorney's Office.

73. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

74. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### SEVENTH CAUSE OF ACTION
*Malicious Prosecution*

75. The individual defendants initiated the criminal proceedings against Plaintiff by issuing legal process against him.

76. The individual defendants lacked probable cause to commence the criminal proceedings against Plaintiff.

77. The individual defendants' actions were motivated by actual malice.

78. The criminal proceeding against Plaintiff was terminated in Plaintiff's favor.

79. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein alleged.

### EIGHTH CAUSE OF ACTION
*Failure to Intervene*

80. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

81. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

82. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

83. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## NINTH CAUSE OF ACTION
*Conspiracy under 42 U.S.C. § 1983*

84. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

85. The Defendants jointly participated in the deprivation of Plaintiff's constitutional rights as set forth herein.

86. The Defendants conspired in the deprivation of Plaintiff's constitutional rights by collectively lying about Plaintiff's actions and conduct, and intentionally withholding and/or destroying exculpatory evidence in order to support the Defendants' fabricated version of the events.

87. As a result of the Defendants' malicious efforts to damage Plaintiff, Plaintiff's liberty was restricted, he was restrained, injured while in custody, subjected to handcuffing, and, among other things, falsely arrested and prosecuted.

88. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## TENTH CAUSE OF ACTION
*Supervisory Liability under 42 U.S.C. § 1983*

89. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

90. Defendant Police Sergeant John/Jane Doe # 3, an NYPD supervisor, personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the

rights of others in failing to properly supervise his subordinate employees regarding the adequate and proper investigation of the underlying facts that preceeded Plaintiff's arrest, and by approving Plaintiff's arrest despite the availability of exculpatory evidence and/or the lack of probable cause.

91. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## ELEVENTH CAUSE OF ACTION
### *Monell*

92. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

93. This is not an isolated incident. Defendant The City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by plaintiff.

94. Defendant The City of New York, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

95. Defendant The City of New York, through the NYPD, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence, and perjury.

96. Defendant The City of New York, through the NYPD, has a *de facto* overtime policy that encourages and incentivizes unlawful stops, unlawful searches, false arrests, the fabrication of evidence, and perjury.

97.     Defendant The City of New York, at all relevant times, was aware that the individual defendants routinely committed constitutional violations such as those at issue here and has failed to change its policies, practices, and customs to stop this behavior.

98.     Defendant The City of New York, at all relevant times, was aware that the individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

99.     These policies, practices, and customs were the moving force behind Plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

(a)     Compensatory damages against all defendants, jointly and severally;

(b)     Punitive damages against the individual defendants, jointly and severally;

(c)     Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d)     Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       December 19, 2012

_____
Gregory P. Mouton, Jr., Esq.
The Law Office of Gregory P. Mouton, Jr.
Attorney for Plaintiff
244 5th Avenue, Suite G247
New York, NY
Phone & Fax: (646) 706-7481
greg@moutonlawnyc.com